## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESUS DURAN,

       Plaintiff,

v.                                                        Case No. 24-cv-2107-MAB

M. BIGGS, JANE DOE OFFICER,
LIEUTENANT ROBINSON, and
DANIEL MONTI,

       Defendants.

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

Plaintiff Jesus Duran, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Centralia Correctional Center. In the Complaint, Duran alleges that officials ignored his serious medical condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Duran makes the following allegations: On March 2, 2024 between 9:15 and 10:00 p.m., Duran had a seizure and passed out (Doc. 1, p. 3). He was laying on the B Wing Floor in the East 2 cellhouse (*Id*.). At the time of his seizure, M. Biggs was the dayroom correctional officer and Jane Doe Correctional Officer was the control room officer on duty (*Id*.).

Duran alleges that M. Biggs found Duran passed out on the floor in the hallway. Biggs did not call for medical staff; instead, she ordered another prisoner to drag Duran across the floor to his cell (*Id*.). Duran alleges that neither Biggs nor any other correctional staff ever obtained medical care for Duran.

Duran woke up the following morning in pain. He alleges that it was hard to stay awake. He put in a sick call request slip. He also asked to speak with internal affairs and requested staff review the camera footage to determine what happened to Duran during the night (*Id*. at p. 4). Medical staff did not examine Duran until March 9, 2024. On March 11, 2024, Internal Affairs Officer Lieutenant ("Lt.") Robinson, met with Duran. He acknowledged reviewing the camera footage but noted that Duran would have to identify the other prisoner ordered by M. Biggs to move Duran (*Id*.). Duran was able to identify the prisoner and gave Robinson a statement. On March 27, 2024, Duran was transferred to East Moline Correctional Center for his own safety.

## Preliminary Dismissals

In Duran's request for relief, he alleges that he seeks compensatory and punitive damages for "direct negligence, risk of death, pain and suffering, emotional distress, deliberate indifference, and violations of the Eighth Amendment for cruel and unusual punishment" (Doc. 1, p. 5). He fails, however, to provide any factual allegations alleging how the Jane Doe Officer, Lt. Robinson, or Warden Daniel Monti acted with deliberate indifference or negligence. The only officer who Duran alleges was aware of his seizure and failed to provide adequate care was M. Biggs. Duran alleges that the Jane Doe Officer was the control room officer on duty when he collapsed but he fails to allege that she was aware of his condition or his need for care. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known"). Although he mentions Lt. Robinson, he merely alleges that Robinson investigated his claims and viewed the camera footage. There are no allegations to suggest that Robinson acted with deliberate indifference or violated any other constitutional right. Thus, any potential claims against Jane Doe Officer, Lt. Robinson, and Daniel Monti are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment deliberate indifference claim against M. Biggs for failing to obtain medical care for Duran after he had a seizure and passed out on the cellhouse floor.**

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Duran states a viable claim for deliberate indifference against M. Biggs. He alleges that Biggs saw Duran during or shortly after his seizure and loss of consciousness but failed to obtain medical care for Duran. Instead, Biggs merely ordered another inmate to drag Duran to his cell. That is enough to state a claim at this stage. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). Thus, Count 1 shall proceed against M. Biggs.

## Motion for Counsel

In Duran's motion for appointment of counsel (Doc. 3), he alleges that his imprisonment will limit his ability to properly litigate the case or conduct discovery. Although Duran states that he has made repeated efforts to obtain counsel, he fails to elaborate on those efforts. He fails to identify any attorney that he has contacted seeking representation, nor has he indicated whether he has received any responses from counsel declining to take his case. Thus, the Court finds that Duran has not yet met his threshold

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

burden of trying to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). His request for counsel is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Duran to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

## Disposition

For the reasons stated above, Count 1 shall proceed against M. Biggs. All other potential claims as well as any claim against Jane Doe Officer, Lt. Robinson, and Daniel Monti are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant M. Biggs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Duran. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Duran, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**Because Duran's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Duran, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Duran is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 12, 2024**

                                         **/s/ Mark A. Beatty**
                                         **MARK A. BEATTY**
                                         **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**